Ellis C. ROSA, Administrator of the
Estate of Augustus Howard
Cooper, Deceased,

v.

CITY OF CHESTER.

Civ. A. No. 22575.

United States District Court
E. D. Pennsylvania.

July 23, 1959.

George W. Thompson, Baile, Thompson & Shea, Upper Darby, Pa., for plaintiff.

Melvin G. Levy, Albert Blumberg, McClenachan, Blumberg & Levy, Chester, Pa., for defendant.

CLARY, District Judge.

This is an action brought pursuant to the Pennsylvania Survival Statute, Title 20, P.S. § 320.601 to recover for the death of plaintiff's decedent, one Augustus Howard Cooper. The case was tried to a jury which returned a verdict in favor of the plaintiff in the sum of $1; plaintiff has moved for a new trial and the defendant for judgment in accordance with its motion for a directed verdict. The facts surrounding the occurrence leading up to this action are as follows:

Norris Street is a public highway in the City of Chester that terminates in a dead end at a point adjoining the Delaware River. Shortly after 2 o'clock A. M. on May 20, 1955 a car in which Cooper was a passenger plunged from Norris Street into the river resulting in Cooper's death. This action was instituted by Cooper's administrator. Although another car had driven into the river at the same spot the preceeding January, there was no barrier of any sort separating the street from the river; nor were either warning signs or adequate lighting provided. The car in which decedent was riding was driven by Alfred Thompkins. Appearing as plaintiff's witness he testified that he was driving down Norris Street in the direction of the river at approximately 30 miles per hour with the intention of parking some 30 or 35 yards short of the river's edge. He was a resident of the area and well aware of the fact that Norris Street led into the river. He was also cognizant of a defect in the car's brakes since they had failed to hold on several occasions earlier in the evening. When the car reached the selected parking location Thompkins applied the brakes. Once again they failed, and the car continued into the river as a result of which Cooper drowned. Thompkins stated that had the brakes functioned properly the accident would not have happened.

Defendant's motion for judgment in its favor is based upon the contention that there was failure of proof of causal connection between Cooper's death and any negligence of which the City of Chester may have been guilty. The evidence clearly disclosed that the pavement at the end of Norris Street was at the time of the accident and had been for a long time prior thereto in a state of great disrepair; that there was a trench caused by subsiding of the pavement extending

some 14 feet in width and many inches in depth; that although a car had the January previous to the date of the accident, which occurred on May 20, 1955, run over the same obstruction and into the river, no repairs had been made in the meantime.

Plaintiff's theory of negligence was based on failure of the City to erect a barricade between the street and the river; failure to provide adequate lighting, and failure to post warning signs of the dangerous condition. That there was a dangerous condition of the street; lack of adequate lighting to indicate the danger, and lack of warning signs was amply established by the evidence.

Defendant argues that even assuming some negligence on the part of the City, the intervening negligence of Thompkins was the sole responsible cause of the accident. This conclusion, however, is one upon which reasonable men might well disagree. That precise problem was submitted to the jury for its determination in a charge to which no exception was taken and the Court is not inclined to substitute its opinion for that of the jury. The Court is of the opinion that there was sufficient evidence to submit the question of causal connection to the jury and its determination will be permitted to stand. Balla v. Sladek, 1955, 381 Pa. 85, 89, 112 A.2d 156.

With respect to the motion for a new trial, plaintiff insists that (1) the verdict is grossly inadequate and (2) that the inadequacy is explained by the erroneous admission of evidence that prejudiced plaintiff's case and accounted for the low verdict.

There was evidence brought out by the defense upon cross-examination of witness, Thompkins, that he had consumed some intoxicating beverages and that it was for the purpose of drinking some whisky purchased by decedent Cooper and another passenger that the trip to the vicinity of the river was made with the intention of parking just short of the river. Thompkins also admitted upon cross-examination that he had been once

convicted of a felony, the possessing and dispensing of narcotics. Plaintiff argues that it was error to permit this cross-examination and that the testimony elicited was prejudicial and influenced the amount of the verdict.

With respect to the argument as it relates to Thompkins' prior conviction, it is certainly within the Court's discretion to allow such evidence. See Keough v. Republic Fuel & Burner Co., 1955, 382 Pa. 593, 116 A.2d 671.

With respect to the testimony concerning drinking, the evidence did not establish that the driver of the car, Thompkins, was intoxicated. Plaintiff's argument in this regard would have merit except for the fact that the Court forcefully and forcibly, in the presence of the jury and prior to summation of counsel, eliminated entirely the question of intoxication from the case. It is a matter of judgment on the part of the Court as to whether that instruction was really effective. The Court is thoroughly satisfied that the instruction was sufficient to entirely eliminate the question from the case and that the jury did not consider it either in respect to liability or on the question of damages.

The evidence disclosed that Cooper was twenty-one (21) years old at the time of death; had always been in good health; had been a member of the Y. M. C. A. and active in church work; and was graduated in June 1953 from Chester High School where he had served on the student council. While attending high school he had secured temporary employment during three (3) summer vacation periods. After graduation he did so-called "pick-up" jobs until May 1954 when he began work in an Atlantic City laundry. He remained there until the last week of February 1955. From this date until the accident he was unemployed, although his mother said that he had expressed the intention of soon returning to work at the laundry. His earnings amounted to $1,550 in 1954, and $127 in 1955.

After a charge by the Court, to which no exceptions were taken, the jury re-

tired. Having deliberated for some time the jury presented the following question to the Court:

"As a result of your charge to the jury may we come out with a verdict for the plaintiff with no dollar award because the maintenance would about equal the total earnings?"

The Court answered that if the jury determined that the cost of maintenance would equal earnings, the plaintiff had not met his burden of persuasion on the damage issue, and the verdict should be in defendant's favor. If, however, any surplus was arrived at the plaintiff was entitled to a verdict in that amount. Having again retired, the jury later returned with yet another question:

"May we give to the plaintiff and only award One Dollar as damages?"

To this the Court replied that any amount the jury felt justified by the evidence was permissible, "even One Dollar". The jury then returned with a verdict of $1 in favor of plaintiff.

The jury had the opportunity of hearing and seeing the mother of the deceased, who at the time of the accident and at the time of the trial was living separate and apart from her husband. The jury had further opportunity of seeing pictures of the deceased and information concerning his activities over a period of years prior to his death.

 It has been the practice of the Court on the question of damages, when the verdict is for the plaintiff in a large amount, not to interfere with the jury's determination of damages, unless so clearly excessive as to shock the conscience of the Court. The converse should also be true. Plaintiff's evidence in this case was not so convincing that the jury's determination appears irrational or the product of prejudice, caprice, or whimsy. A verdict which is not so far out of harmony with the evidence produced as to make the result shocking should not be disturbed. The importance of preserving to the jury those functions properly assigned it precludes overturning a verdict rendered after mature deliberation because of disagreement on the part of the Court with the result.

 It is the opinion of the Court that the case was fully and thoroughly tried; that the plaintiff was not prejudiced by the eliciting of the evidence complained of from Thompkins; that the result was the jury's honest determination on the question of damages, and hence the verdict will not be disturbed.

An appropriate order will be entered denying defendant's motion for judgment in its favor and also denying plaintiff's motion for a new trial.